No. 23-1218

# United States Court of Appeals for the Eighth Circuit

---

Hans Moke Niemann,

*Plaintiff-Appellant*,

v.

Sven Magnus Øen Carlsen a/k/a Magnus Carlsen; Play Magnus AS d/b/a Play Magnus Group; Chess.com, LLC; Daniel Rensch a/k/a "Danny" Rensch; Hikaru Nakamura,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the Eastern District of Missouri
No. 4:22-cv-01110 (Hon. Audrey G. Fleissig)

---

### DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

Pursuant to Eighth Circuit Rule 47A(b), Defendants-Appellees Chess.com, LLC ("Chess.com"), Magnus Carlsen, Daniel "Danny" Rensch, and Christopher Hikaru Nakamura (collectively, "Defendants") move the Court to dismiss this appeal for lack of appellate jurisdiction. This Court lacks jurisdiction under 28 U.S.C. § 1291 because Plaintiff-Appellant Hans Moke Niemann ("Niemann") is attempting to appeal a non-final, non-appealable order.

1

Appellate Case: 23-1218     Page: 1     Date Filed: 02/13/2023 Entry ID: 5245546

## INTRODUCTION

This appeal should be dismissed for lack of jurisdiction. As relevant here, this Court's jurisdiction is limited to "final decisions of the district courts." 28 U.S.C. § 1291. Niemann, however, is attempting to appeal a non-final order in which the district court determined that it would exercise subject-matter jurisdiction over the claims in this case pursuant to the federal-question and supplemental jurisdiction statutes (28 U.S.C. §§ 1331, 1367), but not the diversity jurisdiction statute (28 U.S.C. § 1332). That determination—which merely clarified for the parties the basis of the court's subject-matter jurisdiction going forward—is plainly not a "final decision[]."

In his notice of appeal, Niemann incorrectly suggests that he can maintain this appeal under the collateral order doctrine. That doctrine permits immediate appeal over a "narrow" class of decisions in which (1) the district court has "conclusively determine[d] a disputed issue," (2) the issue is "important" and "completely separate from the merits," and (3) the court's decision is "effectively unreviewable on appeal from a final judgment." *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 970 (8th Cir. 2019) (citation and emphasis omitted). As explained below, Niemann's appeal fails all of these requirements, but most obviously the third: The district court's diversity jurisdiction determination will be reviewable on appeal from a final judgment. Niemann's appeal should be dismissed.

2

## BACKGROUND

On October 20, 2022, Niemann initiated this lawsuit by filing a complaint asserting various claims against Defendants under the federal Sherman Act, 15 U.S.C. § 1, and state tort law. (R. Doc. 1.) Niemann alleged that the district court has federal-question jurisdiction over his Sherman Act claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367. (R. Doc. 1, at ¶ 25.) As an alternative basis for jurisdiction, Niemann alleged that the district court "also" has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1, at ¶ 26.) But Niemann failed to allege *any* of the parties' citizenships, which prompted the district court to order Niemann to amend his Complaint to "allege[] facts showing complete diversity of citizenship between the parties, particularly the citizenship of the parties." (R. Doc. 19, at 2-3.)

Niemann then filed an Amended Complaint that included allegations regarding the parties' citizenships. (R. Doc. 20.) With respect to Chess.com's citizenship, Niemann alleged that Chess.com is "a Nevada limited liability company with a principal place of business in Mountain View, California." (*Id.* ¶ 22.) Because Chess.com is a limited liability company, however, its citizenship for purposes of diversity jurisdiction rests on the citizenship of its members. Accordingly, Niemann also alleged that "[u]pon information and belief, Chess.com's members reside in Utah and California," and that his counsel

3

"conferred with counsel for Chess.com, who advised that, to the best of their knowledge, Chess.com does not have any Connecticut citizens as members but that, given its complex organizational structure, Chess.com is unable to identify the citizenship of each of its members at this time." (*Id.*) Defendants moved to dismiss the Amended Complaint. (R. Docs. 43, 46, 54, 60.)

On December 2, 2022, the district court issued an order directing the parties to file, within seven days, disclosure statements in compliance with the recent amendments to Federal Rule of Civil Procedure 7.1. (R. Doc. 57.) Effective December 1, 2022, Rule 7.1 requires each party "[i]n an action in which jurisdiction is based on diversity" to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). The court indicated that "newly amended Rule 7.1" would "require Chess.com to identify the citizenship of each of its members, traced through until a corporation or natural person is reached." (R. Doc. 57, at 4-5.) Given the complexity of Chess.com's organizational structure—with hundreds if not thousands of members at numerous tiers of ownership—Chess.com filed a motion seeking an extension of time to file its Rule 7.1 corporate disclosure statement and to limit its disclosure to the first few tiers of ownership for which it had information on citizenship. (R. Doc. 59.) Niemann did not respond to this motion.

4

On January 3, 2023, the district court issued the Order upon which this appeal is based. (R. Doc. 74.) In the Order, the district court granted Chess.com's motion and allowed Chess.com to limit its Rule 7.1 disclosure statement. (*Id.* at 4-5.) The court determined that it "will hear this case only on the bases of federal question jurisdiction and supplemental jurisdiction," and that it "will not hear the case on the basis of diversity jurisdiction." (*Id.* at 5.) The court reasoned that, "[a]s to the question of diversity jurisdiction," Niemann had "no basis" to allege that "none of Chess.com's members are citizens of Connecticut." (*Id.* at 4.) "Rather, Chess.com has made clear that its membership is comprised of several layers of LLC and limited partnership members, which themselves likely include thousands of members and partners." (*Id.*) And "[a]s Chess.com has not been able to review the citizenship of these thousands of partners or members," the court explained, "it is impossible to know whether Chess.com is, in fact, diverse from [Niemann]." (*Id.* at 4-5.)[1] Because the court could not "find on this record" that Niemann satisfied his burden of establishing "diversity jurisdiction," the court determined that it "will hear this case based solely on federal-question and supplemental jurisdiction." (*Id.* at 5.)

---

[1] As Chess.com explained, the vast majority of these members are third parties that are not owned, operated, or controlled by Chess.com, and Chess.com does not have immediate control over or access to their records. (*See* R. Doc. 59, at 3-4.)

Appellate Case: 23-1218    Page: 5    Date Filed: 02/13/2023 Entry ID: 5245546

A week after the court's Order, Niemann elected to file a Second Amended Complaint ("SAC"). (R. Doc. 75.) In the SAC, which is now the operative complaint, Niemann repeated the allegation that the district court has federal-question and supplemental jurisdiction over all of his claims. (*Id.* ¶ 26.) And he repeated his alternative allegation that "[u]pon information and belief," the district court "also" has diversity jurisdiction. (*Id.* ¶ 27.)[2] Defendants moved to dismiss the SAC. (R. Docs. 81, 83, 86, 89.)

After requesting and receiving an extension of time within which to file his response to the motions to dismiss, Niemann filed a motion on January 30, 2023, asking the district court to grant him leave to conduct jurisdictional discovery on the citizenship of Chess.com's various sub-members and, alternatively, to certify the January 3 Order for an interlocutory appeal under 28 U.S.C. § 1292(b). (R. Doc. 95.) Just two days later, Niemann also separately filed a notice of appeal, claiming that the Order is appealable under the "collateral order doctrine." (R. Doc. 97.) This Court docketed the appeal on February 6, 2023.

---

[2] In the SAC, Niemann named Play Magnus Group as a defendant. Play Magnus Group only recently waived service of process, and its deadline to file an answer or response in the district court is April 11, 2023. (*See* R. Doc. 79.) As of this filing, Play Magnus Group has not filed an answer or otherwise appeared in this litigation.

6

# ARGUMENT

This appeal should be dismissed because the Court lacks appellate jurisdiction. "With few exceptions" not relevant here, this Court's "appellate jurisdiction is limited to 'final decisions' of the district court." *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (quoting 28 U.S.C. § 1291). And "ordinarily," a "decision is not final . . . unless it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Id.* (citation and internal alteration omitted). The Order is not "final" in that ordinary sense. It merely explained that the district court would exercise federal-question and supplemental jurisdiction *instead of* diversity jurisdiction. But it did not remotely terminate any aspect of this litigation. Indeed, Niemann filed the operative complaint a month ago, and he has not yet responded to the motions to dismiss.

Nonetheless, Niemann asserts that he may appeal the Order under the "collateral order doctrine." (R. Doc. 97.) Under that doctrine, a "small class" of decisions that "do not end the litigation" are nevertheless treated as "final" because—and only because—"delaying review until entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009) (internal quotation marks omitted). Accordingly, this "narrow doctrine" applies only "if the order appealed from (1) conclusively determines a disputed issue; (2) [resolves] an

important issue completely separate from the merits; and (3) is effectively unreviewable on appeal from a final judgment." *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 970 (8th Cir. 2019) (citation and emphasis omitted). Failure to satisfy any one of these requirements is fatal, *id.*, and both this Court and the Supreme Court have "repeatedly stressed" that these requirements must be enforced rigorously to ensure that this "narrow" doctrine does not "swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). Here, the Order cannot satisfy any of these requirements, let alone all of them.

*First*, and most obviously, the Order is not "effectively unreviewable on appeal from a final judgment." *Webb*, 925 F.3d at 970. This condition is satisfied "only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated" before an appeal of a final judgment. *Id.* (citation omitted). This arises, for example, in the context of orders denying immunities or similar rights that shield defendants from suit—including (as Niemann's authority explains) the "denial of qualified immunity," *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (cited in R. Doc. 97)—where delaying review would destroy the immunity itself. But non-dispositive orders merely rejecting certain claims or allegations in a plaintiff's complaint "fail[] to establish

8

the unreviewability requirement." *Jerome v. SmithKline Beckman Corp.*, 842 F.2d 208, 209 (8th Cir. 1988) (order dismissing some but not all claims is not appealable).

The Order in this case is not effectively unreviewable after final judgment. To the contrary, the district court simply rejected Niemann's allegations regarding diversity jurisdiction—a determination this Court frequently reviews after final judgment. *See, e.g.*, *Sanders v. Clemco Indus.*, 823 F.2d 214, 215 (8th Cir. 1987) (reviewing determination that a complaint "fail[ed] to properly plead diversity jurisdiction" in "appeal[] from a final judgment").[3] And Niemann may not even need review of that issue at all because, as the Order explains, diversity jurisdiction is merely an "*alternative*" jurisdictional basis; the district court made clear that it will hear this case "on the bases of federal question jurisdiction and supplemental jurisdiction." (R. Doc. 74, at 1-2, 5 (emphasis added)); *cf., e.g.*, *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 913 n.4 (8th Cir. 2000) (declining to "consider [the] alternative argument" that "the [district] court had diversity jurisdiction" because the court "had federal question jurisdiction").

Niemann apparently fears that the district court may, at some point, dismiss his federal antitrust claims, and then decide in its discretion not to retain

---

[3] To the extent Niemann is attempting to appeal the district court's grant of Chess.com's request to limit its disclosure under Rule 7.1, rulings regarding pretrial disclosures fall squarely outside the collateral order doctrine. *Cf., e.g.*, *Tenkku*, 218 F.3d at 928 (orders limiting discovery are not appealable collateral orders).

9

supplemental jurisdiction over his state-law claims. *See Shultz v. Buchanan,* 829 F.3d 943, 951 (8th Cir. 2016) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). But if that speculative chain of events ever materializes, Niemann will then have a final judgment from which he can appeal, and in doing so he can challenge any "previous rulings and orders that led up to and served as a predicate for that final judgment." *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001). Because the diversity jurisdiction issue will not be "'irretrievably lost' if [Niemann] ha[s] to wait to appeal until after a final judgment," it is not "effectively unreviewable." *Alpine Glass, Inc. v. Allstate Ins. Co.*, 531 F.3d 685, 687 (8th Cir. 2008) (citation omitted).

*Second*, and relatedly, the issue of diversity jurisdiction resolved in the Order is nowhere near "important" enough "to justify the cost of allowing immediate appeal." *Mohawk*, 558 U.S. at 108. As noted above, this Court routinely decides this kind of prosaic jurisdictional issue after final judgment. And there is certainly no reason to expend resources on a piecemeal appeal when, as here, the issue of diversity jurisdiction is merely an alternative basis for subject-matter jurisdiction that has no immediate consequence for any of Niemann's pending claims.

*Third*, it is not even clear that the district court's determination regarding diversity jurisdiction is "conclusive[]." *Webb*, 925 F.3d at 970. In the Order, the

10

district court explained that it could not determine "on this record"—that is, Niemann's now-superseded Amended Complaint and Chess.com's motion practice regarding its Rule 7.1 disclosure—"that it has diversity jurisdiction over this case." (R. Doc. 74, at 5.) Indeed, Niemann himself does not even believe the issue has been conclusively resolved, as he has filed a motion in the district court seeking discovery aimed at establishing diversity jurisdiction (R. Doc. 95), and he has declared that if the district court "grants" that motion, this "appeal will be moot" (R. Doc. 103, at 2). While Chess.com has opposed that motion on various grounds, Niemann's own conduct leaves no doubt that he views this issue as one that has not been "conclusively determine[d]." *Webb*, 925 F.3d at 970.

Ultimately, Niemann is attempting to appeal an interlocutory ruling that satisfies none of the requirements under the collateral order doctrine. Niemann's assertion that it does is meritless. The Court should dismiss this frivolous appeal.[4]

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed for lack of jurisdiction.

---

[4] Federal Rule of Appellate Procedure 38 authorizes an award of damages and costs against a party who brings a "frivolous" appeal, including "'a premature appeal of an obviously unappealable order.'" *Lincoln Ben. Life Co. v. Edwards*, 160 F.3d 415, 416 (8th Cir. 1998) (citation omitted). Defendants respectfully submit that this appeal is frivolous and that the Court should award damages and costs under Rule 38. *See, e.g.*, *Maristuen v. Nat'l States Ins. Co.*, 57 F.3d 673, 680 (8th Cir. 1995) (awarding attorneys' fees and double costs).

Dated: February 13, 2023

/s/ Nima H. Mohebbi
Nima H. Mohebbi
Michael A. Hale
LATHAM & WATKINS LLP
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
(213) 485-1234
nima.mohebbi@lw.com
michael.hale@lw.com

*Counsel for Defendants-Appellees Chess.com, LLC and Daniel "Danny" Rensch*

/s/ Craig M. Reiser
Craig M. Reiser
Denise L. Plunkett
Eva H. Yung
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
creiser@axinn.com
dplunkett@axinn.com
eyung@axinn.com

John M. Tanski
Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
jtanski@axinn.com
cboisvert@axinn.com

*Counsel for Defendant-Appellee Magnus Carlsen*

Respectfully submitted,

/s/ Jamie L. Wine
Jamie L. Wine
Blake E. Stafford
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
jamie.wine@lw.com
blake.stafford@lw.com

Jeffrey B. Jensen
Derek Teeter
Kate Ledden
Spencer Tolson
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
jeff.jensen@huschblackwell.com
derek.teeter@huschblackwell.com
kate.ledden@huschblackwell.com
spencer.tolson@huschblackwell.com

*Counsel for Defendants-Appellees Chess.com, LLC and Daniel "Danny" Rensch*

J. Nicci Warr
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
(314) 259-4570
nicci.warr@stinson.com

*Counsel for Defendant-Appellee Magnus Carlsen*

*/s/ Neal F. Perryman*
Neal F. Perryman
Michael L. Jente
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7661
nperryman@lewisrice.com
mjente@lewisrice.com

*Counsel for Defendant-Appellee Christopher Hikaru Nakamura*

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because the document contains 2503 words.

I further certify that the foregoing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because the foregoing was prepared using Microsoft Word 2016 in 14-point Times New Roman font.

Dated:  February 13, 2023  */s/ Jamie L. Wine*
Jamie L. Wine

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Jamie L. Wine*
Jamie L. Wine