No. 23-1218

# United States Court of Appeals for the Eighth Circuit

_____

HANS MOKE NIEMANN,

*Plaintiff-Appellant*,

v.

SVEN MAGNUS ØEN CARLSEN a/k/a MAGNUS CARLSEN; PLAY MAGNUS AS d/b/a PLAY MAGNUS GROUP; CHESS.COM, LLC; DANIEL RENSCH a/k/a "DANNY" RENSCH; HIKARU NAKAMURA,

*Defendants-Appellees*.

_____

On Appeal from the United States District
Court for the Eastern District of Missouri
No. 4:22-cv-01110 (Hon. Audrey G. Fleissig)

**PLAINTIFF-APPELLANT'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS-APPELLEES' MOTION
TO DISMISS THE APPEAL FOR LACK OF JURISDICTION**

Plaintiff-Appellant Hans Moke Niemann ("Plaintiff" or "Niemann"), by his attorneys Oved & Oved LLP, respectfully submits this memorandum of law in opposition to the Motion to Dismiss Appeal for Lack of Jurisdiction (the "Motion") filed by Defendants-Appellees Chess.com, LLC ("Chess.com"), Magnus Carlsen, Daniel "Danny" Rensch, and Christopher Hikaru Nakamura (collectively, "Defendants").

1

Appellate Case: 23-1218   Page: 1   Date Filed: 02/23/2023 Entry ID: 5248640

# PRELIMINARY STATEMENT

Defendants' Motion should be denied because this Court has jurisdiction over the appeal pursuant to the collateral order doctrine. As detailed below, the order from which Plaintiff appeals (the "Order") drastically restricted the corporate disclosures required of Chess.com pursuant to Federal Rule of Civil Procedure 7.1, thereby limiting the information available to the district court for determining potential conflicts of interest, denying the public access to this information, and preventing the district court from ascertaining its own diversity jurisdiction. The Order: (1) conclusively determined Chess.com's obligation to file corporate disclosures, (2) which is an important issue entirely separate from the merits of this action, and (3) is effectively unreviewable on appeal from a final judgment. In effect, the Order granted Chess.com's application to seal its membership from public disclosure. The Courts of Appeal have uniformly held that such orders are subject to immediate appeal.

# BACKGROUND

On October 20, 2022, Plaintiff filed a complaint in the district court, alleging defamation, violations of federal antitrust law, and related tort claims, with subject matter jurisdiction based on Plaintiff's federal cause of action and the diversity of the parties. (R. Doc. 1 ¶¶ 25-26). On November 16, 2022, United States District Judge Ronnie L. White, then presiding over the action below, *sua sponte* ordered

that Plaintiff file an amended complaint to allege Defendants' citizenship in greater detail.[1] (R. Doc. 19 at 2-3). Plaintiff promptly complied with the court's order by filing an amended complaint on November 22, 2022, adding the supplemental citizenship details he was able to obtain Defendants' counsel. With respect to Chess.com, the amended complaint alleged:

> Prior to revising this Complaint, Plaintiff's counsel conferred with counsel for Chess.com, who advised that, to the best of their knowledge, Chess.com does not have any Connecticut citizens as members but that, given its complex organizational structure, Chess.com is unable to identify the citizenship of each of its members at this time.

(R. Doc. 20 ¶ 22). Plaintiff was unable to plead Chess.com's citizenship with any greater specificity because detailed information regarding the citizenship of Chess.com's members is not publicly available.

On December 2, 2022, the district court issued a Memorandum and Order directing all parties to "file a Disclosure Statement in compliance with Federal Rule of Civil Procedure 7.1 ('Rule 7.1')," an amendment to which had become effective the prior day, December 1, 2022. As is pertinent here, Rule 7.1, as amended, requires that a party "must name—and identify the citizenship of—every individual or entity

---

[1] Defendants assert that Niemann "failed to allege any of the parties' citizenships," yet fails to mention that Plaintiff's original complaint identified the home states of each of the Defendants based on the information available to the public and pleaded diversity based on "information and belief."

3

whose citizenship is attributed to that party or intervenor." (R. Doc. 57). In that order, the District Court held that:

> With respect to Chess.com, Plaintiff has pled the LLC's citizenship after a reasonable inquiry under the circumstances, and thus, Plaintiff's allegations sufficiently demonstrate Chess.com's diversity of citizenship at this stage of the proceedings. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013) (quoting Federal Rule of Civil Procedure 11(b) in requiring that allegations laid out in a complaint are supported by an attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances). However, the Court will also require Chess.com to file a disclosure statement in compliance with the newly amended Rule 7.1 that "name[s] — and identif[ies] the citizenship of — every individual or entity whose citizenship is attributed to" Chess.com. As noted above, this will require Chess.com to identify the citizenship of each of its members, traced through until a corporation or natural person is reached.

*Id.* at 4-5.

On December 9, 2022, Chess.com filed a partial Rule 7.1 disclosure statement under seal. (R. Doc. 68). In that disclosure statement, Chess.com confirmed its prior representation to Plaintiff's counsel by not identifying any Chess.com member that is a Connecticut citizen. *Id.* However, Chess.com further stated that it was "not currently feasible" to disclose all of its members and sub-members and that the documents needed were not in Chess.com's "immediate control." *Id.* On that basis, Chess.com requested further direction from the district court and an extension of time to file a complete its Rule 7.1 disclosure statement. *Id.* Simultaneously, Chess.com filed a motion to seal its partial Rule 7.1 Statement to prevent the public

4

disclosure of its members and sub-members, suggesting that its true purpose in limiting its disclosures was to conceal the identities of its investors. (R. Doc. 67).

While the extent of Chess.com's efforts to complete its Rule 7.1 disclosure statement has not been established, the fact that Chess.com sought an extension of time to do so indicates that Chess.com could, if given such time, comply with Rule 7.1. Likewise, by only stating that it was not "currently feasible" to identify Chess.com's citizenship and that the documents needed were not in Chess.com's "immediate control," Chess.com implied that it does have some level of control over the relevant documents and that it would be feasible to complete its Rule 7.1 Statement if it were granted the requested extension.

On January 3, 2023, the district court issued the Order from which Plaintiff appeals. (R. Doc. 74). In the Order, the district court recognized that "recently amended Rule 7.1 does not address 'the questions that may arise when a disclosure statement . . . indicate[s] that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it.'" (quoting Advisory Committee Notes to 2022 Amendments to Rule 7.1(a)(2)). *Id.* In the absence of guidance from this Court, the district court held that Chess.com need not trace its members and sub-members, substantially limiting the disclosure of parties with a financial interest in this litigation. *Id.* As a consequence of this decision, the district court held "that the Court will hear this case only on the bases of federal

question jurisdiction and supplemental jurisdiction. It will not hear the case on the basis of diversity jurisdiction." *Id.* at 5. On February 1, 2023, Plaintiff timely noticed the instant appeal from the Order. (R. Doc. 97). On February 6, 2023, the appeal was docketed in this Court and on February 13, 2023, Defendants filed the instant Motion.

## ARGUMENT

The Order qualifies for immediate appeal under the collateral order doctrine. "Under the collateral order doctrine," otherwise nonfinal orders "that do not end the litigation may still be considered final" for purposes of appeal if "(1) the decision is conclusive; (2) the decision resolve[s] important questions separate from the merits; and (3) the decision would otherwise be effectively unreviewable." *Jensen v. Minn. Dep't of Human Servs.*, 897 F.3d 908, 912 (8th Cir. 2018); *see also Nee v. Byrne*, 35 F. App'x. 296, 297 (8th Cir. 2002) ("Otherwise nonfinal orders may be deemed final under the collateral order doctrine" if the order "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment") (internal quotation marks and modifications omitted). Each of these conditions is satisfied here.

*First*, the Order conclusively determined the question of whether Chess.com must comply with Rule 7.1. For these purposes, a decision "conclusively"

6

determines an issue if it "set[s] forth a clear and final interpretation." *Towers Hotel Corp. v. Rimmel*, 871 F.2d 766, 769 (8th Cir. 1989) (order "conclusively determined the parties' rights" under a contract where it "set forth a clear and final interpretation of" a relevant provision). Here, as set forth above, there can be no dispute that the "district court reached a firm conclusion" that Chess.com need not trace its members and sub-members. *Jensen*, 897 F.3d at 912. Defendants' lone citation to *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966 (8th Cir. 2019) is unavailing. There, this Court merely found that the district court's decision regarding which procedural rules applied in an arbitration was not "effectively unreviewable" and therefore did not address either of the other two prongs. *Id.* at 970.

Moreover, and contrary to Defendants' suggestion, the mere possibility that the district court could grant Plaintiff limited alternative relief in the form of jurisdictional discovery does not render the decision regarding Chess.com's Rule 7.1 disclosures any less conclusive. Mot. at 10-11. The district court provided no indication that it intends to provide any such alternative relief. It is settled law that "[e]ven a collateral order that is technically subject to modification, however, 'conclusively determine[s] the disputed question [if] there is no basis to suppose that the District Judge contemplated any reconsideration of his decision.'" *Obaydullah v. Obama*, 609 F.3d 444, 447 (D.C. Cir. 2010) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12-13 (1983)); *see also In re General Motors*

*Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1118 (7th Cir. 1979) (order was conclusive because the "record amply indicates the trial judge's resolve not to reconsider" his decision).

In any event, no amount of jurisdictional discovery between the parties can address the public and judicial interests in such disclosures and their significance for evaluating potential conflicts of interest. *See, e.g.*, Fed. R. Civ. P. 7.1 advisory committee's notes to 2002 amendment ("The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c).").

*Second*, the district court's decision resolves an important question regarding the application of Rule 7.1 that is entirely "separate from the merits" of the action. *Jensen*, 897 F.3d at 912 (district court interpretation of jurisdictional provision in contract "is entirely separate and apart from the merits of the underlying litigation"). Defendants do not, and cannot, dispute that the issue of Chess.com's corporate disclosures is wholly independent from the merits of Plaintiff's claims. Instead, Defendants merely insist that this question is somehow not "important" enough to warrant consideration because the district court may exercise subject matter jurisdiction on alternative grounds. Mot. at 10.

However, this argument ignores that Rule 7.1 is also vital for "the screening for financial conflicts of interest for judges." *Res. Converting, LLC v. Dunne*, No. 4:16-cv-00470-JAJ-SBJ, 2017 U.S. Dist. LEXIS 115672 (S.D. Iowa Apr. 25, 2017) (ordering complete Rule 7.1 disclosures). Indeed, as the district court's local rules explain, "[i]nformation provided in the [Rule 7.1] certificate may be used by the judge assigned to a case to determine whether recusal is necessary or appropriate and to confirm jurisdiction is proper." E.D.Mo. L.R. 2.09; *see also* Fed. R. Civ. P. 7.1 advisory committee's notes to 2002 amendment ("This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)."). Moreover, the question resolved by the district court undeniably addresses an "unsettled" issue concerning a recently revised rule that will guide courts in other cases, further confirming that immediate review of this question is appropriate. *Bradley v. Ackal*, 954 F.3d 216 (5th Cir. 2020) (permitting appeal under collateral order doctrine of "unsettled" question of law). Defendants' argument also ignores that the district court's ability to, in its discretion, retain supplemental jurisdiction over Niemann's state law claims is not equivalent to an independent jurisdictional basis.

Defendants' attempt to characterize the Order as a ruling regarding pre-trial discovery is similarly meritless. Mot. at 9 n.3 (citing *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (order limiting merits discovery not subject to the

9

collateral order doctrine)). The Order does not arise from any requests that Plaintiff served on Defendants, which would undoubtedly implicate the merits of the action; rather, it is a product of Chess.com's efforts to avoid the public disclosure its members and sub-members. Indeed, its true concern in seeking to limit its Rule 7.1 Statement appears to be its admitted desire to protect the identity of its investors from public disclosure, which prompted Chess.com to simultaneously seek to file its partial Rule 7.1 Statement under seal. (R. Doc. 67). As such, Chess.com's alleged inability to immediately identify its sub-members may simply reflect hyperbole from one of its investors concerned about revealing the names of its limited partners.

Accordingly, the Order is tantamount to a decision on a motion to seal, which the Courts of Appeals have repeatedly held are subject to immediate appeal under the collateral order doctrine. *See, e.g.*, *Doe v. Lerner*, 688 F. App'x. 49, 50 (2d Cir. 2017) ("the partial denial of the Appellants' motion to unseal [documents] qualifies" under the collateral order doctrine); *Arnold v. Pennsylvania*, 477 F.3d 105, 107 (3d Cir. 2007) ("[O]rders releasing sealed material and denying a motion to unseal are collateral orders" subject to appeal); *Bradley*, 954 F.3d at 223 ("Sealing and unsealing orders . . . are reviewable . . . under the collateral order doctrine") (modifications in original); *Adams v. DeWine (In re Ohio Execution Protocol Litig.)*, No. 21-3330, 2022 U.S. App. LEXIS 18117, *7-8 (6th Cir. June 28, 2022) ("this Court deems orders on motions to seal immediately appealable collateral orders");

*Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) ("an order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order") (citation and internal quotation marks omitted); *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1360-61 (11th Cir. 2021) ("orders granting motions to seal and orders denying motions to unseal pass this test and are thus 'appealable as collateral to the underlying action'").

*Third*, the Order is effectively unreviewable absent an interlocutory appeal. *Jensen*, 897 F.3d at 912 (collateral order doctrine applied where "there is likely to be no further occasion for this court to address the question"). "A decision is effectively unreviewable on appeal when it involves an important right which would be lost, probably irreparably if review had to await final judgment." *Kaibel v. Mun. Bldg. Comm'n*, 742 F.3d 1065, 1067 (8th Cir. 2014) (internal quotation marks omitted). As set forth above, orders denying disclosure of information to the public are effectively unreviewable on appeal in part because "[t]ransparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine." *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 U.S. Dist. LEXIS 16559, *2 (N.D. Tex. Jan. 31, 2022). The same is true here. The district court's decision to limit Chess.com's Rule 7.1 disclosures conceals from public

scrutiny information regarding Chess.com's membership and therefore necessarily "involves" the fundamental right of transparency in judicial proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Motion be denied.

Dated: February 23, 2023

Respectfully submitted,

_____
Terrence A. Oved, Esq.
(*pro hac vice* pending)
Darren Oved, Esq.
(*pro hac vice* pending)
Andrew Urgenson, Esq.
(*pro hac vice* pending)
Andrew L. Kincaid, Esq.
(*pro hac vice application forthcoming*)
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700

and

Matthew Gartner, Esq. (#64320)
THE GARTNER LAW FIRM
*Attorneys for Plaintiff*
220 Salt Lick Road
St. Peters, Missouri 63376
Tel: 636.397.2111
matthew@gartnerlawfirm.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because the document contains 2,519 words.

I further certify that the foregoing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because the foregoing was prepared using Microsoft Office 365 in 14-point Times New Roman font.

Andrew L. Kincaid

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Andrew L. Kincaid