No. 23-1218

# United States Court of Appeals for the Eighth Circuit

Hans Moke Niemann,

*Plaintiff-Appellant*,

v.

Sven Magnus Øen Carlsen a/k/a Magnus Carlsen; Play Magnus AS d/b/a Play Magnus Group; Chess.com, LLC; Daniel Rensch a/k/a "Danny" Rensch; Hikaru Nakamura,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Missouri
No. 4:22-cv-01110 (Hon. Audrey G. Fleissig)

**DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Defendants-Appellees Chess.com, LLC ("Chess.com"), Magnus Carlsen, Daniel "Danny" Rensch, and Christopher Hikaru Nakamura (collectively, "Defendants") respectfully submit this reply in support of their motion to dismiss this appeal for lack of jurisdiction (the "motion").

Niemann's opposition only confirms that this Court lacks jurisdiction over his appeal. In the Order underlying the appeal, the district court (1) permitted

1

Appellate Case: 23-1218   Page: 1   Date Filed: 03/01/2023 Entry ID: 5250728

Chess.com to limit its disclosure under the recent amendments to Federal Rule of Civil Procedure 7.1(a)(2); and (2) concluded that it would exercise federal-question and supplemental jurisdiction, but not diversity jurisdiction, over the claims in this case. (R. Doc. 74.) Defendants explained—and Niemann does not dispute—that this Court lacks jurisdiction to review the district court's conclusion regarding diversity jurisdiction. (Mot. 7-11.) Realizing this, Niemann now purports to be appealing only the district court's grant of Chess.com's unopposed motion to limit its Rule 7.1 disclosure. (Opp. 2.)

There are several problems with this newly minted theory. At the outset, Niemann did not submit any briefing—let alone an opposition—in the district court regarding Chess.com's Rule 7.1(a)(2) disclosure. (*See* Mot. 4.) That failure alone is fatal to his attempt to maintain an appeal based on that disclosure. *See, e.g.*, *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 812 F.3d 654, 657 (8th Cir. 2016) ("[F]ailing to oppose an issue before the district court results in waiver of the issue on appeal."); *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (refusing to entertain plaintiff's challenge to district court's grant of defendant's procedural motion because plaintiff "did not oppose the motion [in] the district court").

In any case, Niemann is mistaken that this Court has appellate jurisdiction to review the Rule 7.1(a)(2) aspect of the Order under the "collateral order doctrine." (Opp. 2.) Tellingly, although Niemann primarily relies on out-of-circuit cases, he is

2

unable to identify a single case from *any* circuit permitting a collateral-order appeal of an order regarding a Rule 7.1 submission. The absence of such precedent is unsurprising; the collateral order doctrine is "narrow," and the Order here does not satisfy the three requirements necessary to invoke it. *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 970 (8th Cir. 2019); (*see* Mot. 7-8).

*First*, Niemann fails to explain how Chess.com's disclosure under Rule 7.1(a)(2) is "effectively unreviewable on appeal from a final judgment." *Webb*, 925 F.3d at 970 (emphasis omitted). Instead, he simply declares without more that the disclosure "'involves' the fundamental right of transparency in judicial proceedings." (Opp. 12.) To be clear, the recent amendments to Rule 7.1(a)(2) have nothing to do with transparency in judicial proceedings, nor do they bestow any "fundamental right[s]." (*Id.*) Those amendments are concerned solely with enabling "determination[s] of jurisdiction." Fed. R. Civ. P. 7.1, Advisory Committee Notes, 2022 Amendments. But even were it otherwise, Niemann never explains how this supposedly "fundamental right" (Opp. 12) "would be 'irretrievably lost' if [he] had to wait to appeal until after a final judgment." *Alpine Glass, Inc. v. Allstate Ins. Co.*, 531 F.3d 685, 687 (8th Cir. 2008); *see Webb*, 925 F.3d at 970 ("[A]n order is effectively unreviewable only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before

3

[final judgment]." (citation omitted)). This Court's analysis can, and should, end here.

In this respect, Niemann's professed concern about the scope of Chess.com's "disclosure" of "information regarding [its] membership" (Opp. 11-12) is no different from any other order limiting one party's disclosure of information, whether through discovery or otherwise. And as Defendants noted (Mot. 9 n.3), orders on such motions are quintessential non-final interlocutory orders. *See, e.g.*, *Tenkku v. Normandy Bank*, 218 F.3d 926, 928 (8th Cir. 2000); *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953 (8th Cir. 1979); *see also* 15B Charles Alan Wright et al., *Federal Practice & Procedure* § 3914.23 (2d ed. Apr. 2022) ("Wright & Miller") (collecting cases demonstrating that "courts routinely dismiss appeals from orders granting discovery, denying discovery, granting protective orders, granting a protective order narrower than requested, denying protective orders, refusing to modify protective orders, or dealing with the procedures for conducting discovery"). Niemann's only response is that the Order is not a discovery order because it "does not arise from any requests that [Niemann]" himself made regarding Chess.com's members. (Opp. 10.) That is true, but it only underscores that Niemann has no basis for appealing the Order in the first place. The salient point is that orders limiting the disclosure of information—whether through party discovery or the Federal Rules of Civil Procedure—are not final orders.

*Second,* the issue Niemann purports to appeal—Chess.com's disclosure of its members—has not been "conclusively determine[d]." *Webb*, 925 F.3d at 970. That is a product of Niemann's own doing: In the district court, Niemann filed a separate motion in which he is purportedly seeking the same information from Chess.com that he believes is required by Rule 7.1(a)(2). (*See* R. Docs. 95, 99, 103; *compare* Opp. 7 (claiming that the "'district court reached a firm conclusion' that Chess.com need not trace its members and sub-members"), *with* R. Doc. 103, at ¶ 18 (seeking information in the district court regarding "Chess.com's members and sub-members").) The district court has not ruled on that motion. And while Niemann now appears to doubt the validity of his own motion (Opp. 7), the mere pendency of that motion alone refutes Niemann's assertion of conclusiveness. *See, e.g.*, 15A Wright & Miller § 3911.1 (collecting cases in which "appeals are dismissed because the district court had not yet made an order").

*Finally,* an order limiting the scope of a Rule 7.1(a)(2) disclosure is nowhere near "important" enough to justify an immediate appeal. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009). Niemann erroneously asserts that an appeal of the Order is "important" in this case because it purportedly involves an "unsettled" issue concerning the recent amendments to Rule 7.1(a)(2). (Opp. 9.) Putting aside that there is no "unsettled" issue, even if there were, the relevant inquiry "is not whether an interest is important in the abstract," but rather "whether deferring review

until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the *entire class of relevant orders*." *Mohawk*, 558 U.S. at 108 (emphasis added). Niemann fails to explain why orders limiting Rule 7.1(a)(2) disclosures, as a class, justify the costs of allowing immediate appeal.

Niemann also attempts to rely on the interests of others, but this fares no better. He first points to the "judicial interests" in identifying "potential conflicts of interest." (Opp. 8-9.) But the recent amendments to Rule 7.1(a)(2) have nothing to do with conflicts of interest; rather, as Niemann himself asserted in the district court, their "purpose" is to enable "'determination[s] of jurisdiction.'" (R. Doc. 103, ¶ 8 (quoting Fed. R. Civ. P. 7.1 Advisory Committee Notes, 2022 Amendments).) Potential conflicts of interest are captured by Rule 7.1(a)(1), which requires nongovernmental corporate parties or corporations to identify any parent corporations or publicly held corporations owning 10% or more of their stock. In any event, Niemann does not assert that any conflict exists; even if he had, such determinations are not immediately appealable under the collateral order doctrine. *See, e.g.*, *Campbell v. Baylard*, 740 F. App'x 111, 112 (8th Cir. 2018).

Niemann lastly points to "the public['s]" interest in transparent "judicial proceedings," claiming that the district court's Order regarding Rule 7.1(a)(2) is "tantamount to a decision on a motion to seal." (Opp. 10-11.) But the district court

6

did not seal anything in this case.[1] Indeed, in Niemann's view, *every* order limiting the scope of a defendant's "disclosure of information"—which, as noted above, would sweep in discovery orders—is "tantamount" to a sealing order that is immediately appealable. (Opp. 10-11.) Unsurprisingly, Niemann cannot point to a single case embracing such an extreme and misplaced analogy. Niemann cites no Eighth Circuit cases at all, and the out-of-circuit cases he cites involve courts sealing material already in the judicial record. The orders in those cases have no resemblance to the Order here, which merely granted Chess.com's unopposed motion to limit its disclosures under Rule 7.1(a)(2).

\* \* \* \* \*

For the foregoing reasons and for those described in Defendants' motion, this appeal should be dismissed for lack of jurisdiction.

---

[1] Accordingly, Niemann's accusations about Chess.com's "true concern" in limiting its Rule 7.1(a)(2) disclosure (Opp. 10) are not only baseless but irrelevant.

7

Dated: March 1, 2023

/s/ Nima H. Mohebbi
Nima H. Mohebbi
Michael A. Hale
LATHAM & WATKINS LLP
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
(213) 485-1234
nima.mohebbi@lw.com
michael.hale@lw.com

*Counsel for Defendants-Appellees Chess.com, LLC and Daniel "Danny" Rensch*

/s/ Craig M. Reiser
Craig M. Reiser
Denise L. Plunkett
Eva H. Yung
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
creiser@axinn.com
dplunkett@axinn.com
eyung@axinn.com

John M. Tanski
Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
jtanski@axinn.com
cboisvert@axinn.com

*Counsel for Defendant-Appellee Magnus Carlsen*

Respectfully submitted,

/s/ Jamie L. Wine
Jamie L. Wine
Blake E. Stafford
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
jamie.wine@lw.com
blake.stafford@lw.com

Jeffrey B. Jensen
Derek Teeter
Kate Ledden
Spencer Tolson
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
jeff.jensen@huschblackwell.com
derek.teeter@huschblackwell.com
kate.ledden@huschblackwell.com
spencer.tolson@huschblackwell.com

*Counsel for Defendants-Appellees Chess.com, LLC and Daniel "Danny" Rensch*

8

J. Nicci Warr
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
(314) 259-4570
nicci.warr@stinson.com

*Counsel for Defendant-Appellee Magnus Carlsen*

*/s/ Neal F. Perryman*
Neal F. Perryman
Michael L. Jente
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7661
nperryman@lewisrice.com
mjente@lewisrice.com

*Counsel for Defendant-Appellee Christopher Hikaru Nakamura*

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with Federal Rule of Appellate Procedure 27(d)(2)(C) because the document contains 1,418 words.

I further certify that the foregoing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because the foregoing was prepared using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: March 1, 2023                         */s/ Jamie L. Wine*
                                             Jamie L. Wine

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                             */s/ Jamie L. Wine*
                                             Jamie L. Wine